IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES E. HARRIS, JR.**                                                                       **PETITIONER**
**ADC #144543**

V.                              No. 4:25-cv-00515-JM-ERE

**DEXTER PAYNE, Director,**
**Arkansas Division Correction**                                                               **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge James. M. Moody, Jr. You may file objections to all or part of the RD. Objections must: (1) specifically explain the factual or legal basis for the objection; and (2) must be filed within fourteen days of the date of the RD. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this RD without independently reviewing the record.

## I.   INTRODUCTION

Petitioner Charles E. Harris, Jr., an inmate at the Varner Unit of the Arkansas Division of Correction, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 2.* For reasons that follow, I recommend granting Respondent's motion to dismiss and dismissing the petition with prejudice as time barred.

## II.  BACKGROUND

On April 21, 2009, Mr. Harris was sentenced as a habitual criminal to 15 years in prison concurrently after a Pulaski County, Arkansas jury found him guilty of

terroristic threatening and first-degree battery. *Doc. 6-2*. The Arkansas Court of Appeals affirmed his conviction and issued a mandate on April 1, 2010. *Harris v. State*, 2010 Ark. App. 247, 2010 WL 816319 (March 10, 2010); *Doc. 6-3*.

On May 5, 2010, Mr. Harris sought postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. *Doc. 6-4*. On November 24, 2010, the trial court denied Mr. Harris's Rule 37 petition. *Doc. 6-5*. He did not appeal.

On March 3, 2023, Mr. Harris filed a state petition for habeas corpus in the Circuit Court of Lincoln County, Arkansas. *Harris v. Payne*, 40-CV-23-34 (Lincoln Cnty Cir. Ct). He argued: (1) lack of jurisdiction because the special judge who presided over his criminal trial was not properly appointed under Amendment 80 and Arkansas Supreme Court Administrative Order No. 16; and (2) his convictions violated the prohibition against double jeopardy. The circuit court denied relief and the decision was affirmed by the Arkansas Supreme Court on May 13, 2024. *Harris v. Gass*, 2024 Ark. 78, 1, 687 S.W.3d 794, 796 (2024).[1]

On May 27, 2025, Mr. Harris filed the pending § 2254 habeas petition, raising the same issues as his state habeas as well as arguments about the admission of certain evidence, opening statements, closing arguments, etc. *Doc. 2*. For relief, he seeks a ruling on whether his two 2009 convictions violated double jeopardy. *Id.* at 13.

---

[1] Reh'g denied (July 18, 2024), cert. denied, 145 S. Ct. 1208 (2025).

On June 19, 2025, Respondent filed a motion to dismiss, asserting that the petition is time barred under 28 U.S.C. 2244(d)(1). *Doc. 6*. In response, Mr. Harris filed a motion to amend, reiterating the claims in his original petition, and a motion for judgment on the pleadings, with supporting brief and affidavit. *Docs. 8-11*.

### III. DISCUSSION

**A.   Mr. Harris' Federal Habeas Petition is Time Barred.**

A one-year "period of limitations" applies to a prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). Here, the period commenced from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

On April 1, 2010, the Arkansas Court of Appeals affirmed Mr. Harris' convictions. Mr. Harris' one-year period commenced from the state filing deadline,[2] which was eighteen days from the date of the Arkansas Court of Appeals decision. *Johnson v. Hobbs*, 678 F.3d 607, 610 n.3 (8th Cir. 2012) ("A petition to review a decision of the court of appeals 'must be filed within 18 calendar days from the date of the decision . . . .'") (quoting Ark. Sup. Ct. R. 2–4(a)). Mr. Harris' petition was

---

[2] Because Mr. Harris did not seek reconsideration or review by the Arkansas Supreme Court, his judgment of conviction became final when the time for seeking such review expired under state filing deadlines. *Gonzalez v. Thaler*, 565 U.S. 134, 137, 154 (2012).

filed over *fourteen years* later. Absent statutory or equitable tolling, his petition is time barred.

### B.   With Statutory Tolling, the Petition is Still Time Barred.

The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Mr. Harris' Rule 37 petition is the only post-conviction filing that matters.[3] The petition was filed on May 5, 2010 and denied on November 24, 2010, with no appeal. Tolling these 203 days does not make up for the over fourteen-year delay in filing the pending § 2254 petition.

### C.   Mr. Harris Is Not Entitled to Equitable Tolling.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is not warranted based on a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

---

[3] Mr. Harris' 2023 state habeas petition is of no consequence because the one-year limitations period for filing a federal habeas petition cannot be tolled after it has expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006).

Mr. Harris does not allege or establish that he pursued his federal rights with reasonable diligence or that any extraordinary circumstance prevented him from filing his federal petition within the one-year limitation period.

## IV.  CONCLUSION

Mr. Harris filed his petition for habeas corpus years beyond the one-year limitation period, and he has failed to demonstrate that he is entitled to statutory or equitable tolling.

IT IS THEREFORE RECOMMENDED that:

1. Respondent's motion to dismiss (*Doc. 5*) be GRANTED.

2. Petitioner Charles Harris's § 2254 petition for writ of habeas corpus (*Doc. 2*) be DISMISSED with prejudice.

3. Mr. Harris' motion to amend and motion for judgment on the pleadings (*Docs. 8, 9*) be DENIED.

4. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[4]

Dated 6 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] A certificate of appealability should be denied because Mr. Harris has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).